## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF K ANSAS

BRETT PARKER and
D&B PARKER FARMS, L.L.C.,

      Plaintiffs,

v.                                                                      Case No. 6:15-cv-01204-JTM

FARM BUREAU PROPERTY & CASUALTY
INSURANCE COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

If you have never heard of the Plant Variety Protection Act (PVPA), you are not alone. Plaintiffs say they had never heard of it either, until they sold some Fuller variety wheat seed to an undercover investigator who represented the holder of an exclusive license under the PVPA to sell that variety of seed. The sale prompted a lawsuit against plaintiffs for damages under the PVPA. Plaintiffs notified their insurance carrier – defendant Farm Bureau – of the suit, but Farm Bureau denied coverage and refused to defend the claim. Plaintiffs eventually settled the PVPA claim. In this action, plaintiffs allege that Farm Bureau breached its insurance policy by failing to defend and cover the claim.

The matter is now before the court on a motion to dismiss by Farm Bureau. It argues that the complaint fails to state a valid claim for relief because the insurance policy excluded coverage for "intentional acts," and plaintiffs' sale of Fuller wheat was an intentional act.

## I. Facts

The following allegations are taken from plaintiff's complaint and are assumed to be true for purposes of ruling on defendant's motion to dismiss.

Brett Parker is the co-owner of D&B Parker Farms, L.L.C. He purchased a property and liability insurance policy from Farm Bureau. Both Parker and D&B Parker Farms were insureds under the policy. The policy's business injury liability provisions included "personal injury/advertising injury" coverage, which provided coverage for injuries caused by infringement or misappropriation of copyright, trademark, title or disparagement of an organization's goods or products.

In September 2013, Parker advertised wheat seed for sale. The advertisement stated that the wheat consisted of a three-variety blend, including the Fuller variety. According to plaintiffs, "unbeknownst to Parker, the Fuller variety is a federally protected variety under the Plant Variety Protection Act…." Dkt. 1, ¶14. "Parker had no idea of the existence of the PVPA or the protections that it grants to owners of varieties of seed wheat." *Id.* at ¶27.

Pursuant to the PVPA, the Kansas Wheat Alliance (KWA) held a certificate giving it the exclusive license to make, use and sell the Fuller variety of wheat. Under its certificate, Fuller variety seed had to be certified by an approved agency prior to any sale.

Upon learning of Parker's ad, KWA hired an investigator, who purchased 172 bushels of wheat from Parker. KWA subsequently sued Parker and D&B Parker Farms

for treble damages pursuant to the PVPA.  The claimed violations included Parker's sales to the investigator as well as certain transactions by Parker Farms with its landlords. In the latter instances, Parker planted wheat seed saved from prior harvests, including the Fuller variety, and then shared profits from the sale of that wheat with his landlords.

After he was served with the PVPA complaint, Parker tendered the defense of the claims to Farm Bureau and sought coverage.  Farm Bureau denied coverage and refused to defend the claim.  Plaintiffs subsequently settled the PVPA claim and paid their own litigation costs.

Plaintiffs claim that Farm Bureau wrongfully denied coverage and disclaimed its duty to defend, resulting in damages to plaintiffs that included the costs of defending the PVPA litigation and the cost of the settlement.  Plaintiffs also claim they lost business profits as a result of Farm Bureau's actions.

## II. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Under Rule 12(b)(6), the court must accept as true all plausible factual allegations in the complaint, but need not afford such a presumption to legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Discussion

Farm Bureau's policy contains an "intentional act" exclusion which provides in part: "There is no coverage for any loss [or] damages … 'arising out of' any act which is expected or intended by any 'insured' to cause injury to any 'person' or damage to any property belonging to … others." Dkt. 6 at 10.  Farm Bureau contends the PVPA claims fell within this exclusion because plaintiffs voluntarily and intentionally advertised and sold Fuller variety wheat seed.  The court rejects this argument as inconsistent with both the plain language of the exclusion and with the Kansas Supreme Court's construction of it.

Farm Bureau emphasizes the fact that plaintiffs' actions in advertising and selling Fuller wheat were intentional. Clearly, plaintiffs intentionally advertised and sold Fuller wheat seed. But the focus of the exclusion is on whether the insured expected or intended *to cause an injury*, not on whether the insured intentionally did something that resulted in injury. Having never heard of the PVPA, plaintiffs clearly did not expect or intend their sales of Fuller wheat to cause injury to someone else's property.

Farm Bureau also relies in part on an explanatory provision stating that the exclusion "applies to any act committed by … 'insured' that can reasonably be expected to cause a loss or injury, even if the 'insured' failed to … anticipate the injury or

4

damage." Dkt. 6 at 10. This only clarifies, however, that proof of a subjective intent to cause an injury is not required if the insured intentionally did something that a reasonable person would expect to result in injury. For example, in *Bell v. Tilton*, 234 Kan. 461, 674 P.2d 468 (1983) a boy with a BB gun was engaged in a dangerous game of horseplay with some friends on a farm, with the boy taking pot shots at his friends as they ran around a barn. When one of his friends poked his head around a corner, the boy took a shot at him. Although the boy didn't intend to do so, he hit his friend in the eye.  The Kansas Supreme Court held that the injury was excluded as an intentional act because the consequences "were substantially certain to result" from the boy's act of shooting a BB gun at his friend. *Tilton*, 234 Kan. at 472. This is hardly comparable to plaintiffs' advertising and selling of Fuller wheat seed. Parker did these acts without knowledge of an obscure federal law and without knowledge of an exclusive federal license pertaining to a particular variety of wheat. Farm Bureau cites nothing to show that a reasonable person would have expected advertising and selling wheat seed to result in injury or damage.  Only with knowledge of the exclusive license would a person expect a sale to result in damage.

This point is reinforced by the Kansas Supreme Court's ruling in *Thomas v. Benchmark Ins. Co.*, 285 Kan. 918, 179 P.3d 421 (2008).  The insured in that case lost control of her car while fleeing from police at a high rate of speed, resulting in the death of her passenger. The court found that the "intentional act" exclusion applied, but clarified that the standard in Kansas is as follows:

> The insured must have intended both the act and to cause some kind of injury or damage. Intent to cause the injury or damage can be actual or it can be inferred from the nature of the act when the consequences are substantially certain to result from the act.

*Benchmark Ins. Co.*, 285 Kan. at 933.   The "substantially certain to result" language displaced a more lenient "natural and probable consequences" test previously endorsed by the court. *Id*. at 930-33.

Under the allegations in the complaint, Parker did not intend his sales of wheat to cause injury. Nor can it reasonably be said that injury to another's property was substantially certain to result from the nature of his actions. Engaging in a sale of wheat without knowledge that another person has a protected property interest in that variety cannot reasonably be characterized as causing "an expected or intended injury."

The allegations in the complaint state a valid claim for breach of the insurance contract.

**IT IS THEREFORE ORDERED** this 16th  day of November, 2015, that defendant Farm Bureau's Motion to Dismiss (Dkt. 12) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
